2007 UT App 320

**STATE of Utah, in the Interest of C.U., a person under eighteen years of age.**

**S.A.U., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20070626–CA.**

Court of Appeals of Utah.

Sept. 27, 2007.

Nathan N. Jardine, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., Carol L.C. Verdoia, and John M. Peterson, asst. attys. gen., Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before GREENWOOD, Associate P.J., BILLINGS and DAVIS, JJ.

## MEMORANDUM DECISION

PER CURIAM:

¶1 S.A.U. (Mother) appeals the termination of her parental rights in C.U.

¶2 Mother timely filed her notice of appeal on July 10, 2007. Under Utah Rule of Appellate Procedure 55, the petition on appeal was due on July 25, 2007. *See* Utah R.App. P. 55(a) (providing that a petition on appeal is due within fifteen days after the notice of appeal is filed). On July 27, 2007, Mother filed a motion for an extension of time to file her petition on appeal in the juvenile court. The juvenile court granted the extension in an order dated July 27, 2007. For the reasons below, however, the juvenile court's order is of no effect, and therefore, the appeal must be dismissed.

¶3 Typically, a trial court no longer has jurisdiction over a case once a notice of appeal has been filed. Utah courts have "long followed the general rule that the trial court is divested of jurisdiction over a case while it is under advisement on appeal." *Cheves v. Williams,* 1999 UT 86, ¶45, 993 P.2d 191 (quotations omitted). Some exceptions are recognized where necessary to avoid delay or where specifically provided by rule or statute, *see id.,* but no such exception applies here. On the contrary, the rule regarding extensions for filing petitions specifies that the extension must be filed in this court. *See* Utah R.App. P. 59(b). Rule 59(b) provides that "[t]he Court of Appeals for good cause shown may extend the time for filing a petition on appeal." *Id.* This court has the explicit and sole jurisdiction to determine extensions for child welfare petitions. The juvenile court lacked jurisdiction to grant the extension and, thus, entered the order in error.

¶4 Furthermore, any motion for an extension of time to file a petition on appeal must be filed "prior to the expiration of the time for which the extension is sought." *Id.* Mother's petition was due on July 25. The motion for the extension was filed on July 27, two days after the petition was due. Therefore, under rule 59(b), the motion was untimely. As a result, the petition was untimely filed.[1] If the petition on appeal is not timely filed, "the appeal shall be dismissed." Utah R.App. P. 55(a).

¶5 Dismissed.

---

1. Even if Mother were given the benefit of all the filed requests for extensions, the petition was untimely filed. The latest possible due date for the petition was August 21, 2007. The petition was filed with this court on August 22, 2007. Therefore, the result, dismissal for an untimely filed petition, would be the same.